Doris H. GILQUIST, Caroline S. Parson, Judith M. Reimnitz, and Kathleen A. Thayer, Plaintiffs,

v.

Robert C. BECKLIN, Elgin F. Gunderson, American National Bank and Trust Company, a National Banking Association, and Peoples State Bank of Cambridge, a Minnesota corporation, Defendants.

Civ. No. 4–86–921.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 31, 1987.

William L. Lucas, Edina, Minn., for plaintiffs.

Jerome B. Pederson, Fredrikson & Byron, Minneapolis, Minn., for defendant Robert C. Becklin.

David G. Seykora, Oppenheimer Wolff & Donnelly, St. Paul, Minn., for defendant American Nat. Bank & Trust Co.

William D. Hittler, Winthrop & Weinstine, St. Paul, Minn., for defendant Peoples State Bank of Cambridge.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs, former employees of defendant Peoples State Bank of Cambridge (Peoples) and participants in Peoples' employee stock ownership plan (ESOP or the plan) bring this action under the Employee Retirement Income Security Act (ERISA). The defendants are plan administrator Peoples; plan trustee American National Bank & Trust Co. (American); Peoples president and director Robert Becklin; and Peoples chairman, CEO and former majority shareholder Gunderson. Plaintiffs seek an accounting of all investments of plan assets, a finding that defendants breached their fiduciary duty, reimbursement to the plan and the plaintiffs for losses resulting from these alleged breaches, and costs and attorneys fees.

The background of this case is stated in a previous Memorandum Opinion and Order, No. 4–86–921 (D.Minn. August 7, 1987) (order). There the court refused to dismiss the plaintiffs for lack of standing, stating: "Defendants have not definitively shown that plaintiffs are not plan participants within the meaning of [ERISA] 29 U.S.C. § 1002(7)." Memorandum Opinion and Order at 6. This conclusion was based on the unresolved question of whether the plaintiffs' spouses had consented in writing to receiving lump-sum payments rather than converting the benefit into a joint and survivor annuity form of distribution. If spousal consents had not been obtained, it was possible that the spouses were still potential beneficiaries and the plaintiffs thus "participants" with standing under 29 U.S.C. § 1002(7).[1]

Now before the court is a new motion by defendants to dismiss plaintiffs Doris A. Gilquist and Judith M. Reimnitz for lack of standing.[2] Memoranda were submitted and a hearing was held, after which additional materials were presented.

Defendants now argue that the previously unresolved questions regarding the need for spousal consent have been resolved against the plaintiffs. Since the spouses are not potential beneficiaries, plaintiffs Gilquist and Reimnitz have no standing and their action should be dismissed.

---

1. At the time of the prior order the court had not been presented the text of the 1982 ESOP, the plan in effect at the time of the plaintiff's termination of employment. The ESOP was restated effective July 1, 1984, after plaintiffs Gilquist and Reimnitz had left the bank's employ. Only the restated ESOP required spousal consent to lump-sum distribution. *See* Becklin Affidavit October 8, 1987, Exhibits A and B. The court's prior order incorrectly presumed that the terms of the 1984 restated plan, the only plan in the record at that time, were in effect when the plaintiffs left the bank. *See* Lucas Affidavit, May 13, 1987, and attachment.

Also, since the August 7 Order was issued the defendants have produced written consent forms signed by the spouses of plaintiffs Thayer and Parson. *See* Seykora Affidavit, October 6, 1987.

2. The defendants filed an Amended Notice of Motion the day before the hearing seeking dismissal of all the plaintiffs, including Parsons and Thayer. Under the Local Rules, the amendment could not be argued at the hearing because it was untimely. This order addresses only the motion to dismiss the claims of plaintiffs Gilquist and Reimnitz. If defendants plan to pursue the remaining portion of the Amended Motion, they should submit a supporting memorandum and schedule a hearing unless the parties agree to submit the issue on the written record.

The plaintiffs concede that Gilquist and Reimnitz have no standing under their prior theory:

> It is true that neither the law nor the provisions of the Plan required any spousal consent when Doris Gilquist and Judith Reimnitz terminated their employment at Peoples State Bank and received their Plan Benefit distributions.

Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, October 16, 1987, pp. 2–3.

Plaintiffs nonetheless argue that the court should find standing based on the Congressional intent underlying ERISA—that employees be permitted to challenge mismanagement of retirement funds. Plaintiffs rely on three cases: *Ogden v. Michigan Bell Telephone Co.*, 657 F.Supp. 328, 332 (E.D.Mich.1987), *appeal dismissed*, 829 F.2d 1126 (6th Cir.1987) (early retirees have standing to sue over alleged misrepresentation regarding pension benefits since successful suit would result in recovery of a "benefit"); *Rosenbaum v. Davis Iron Works, Inc.*, 669 F.Supp. 813, 817 (E.D.Mich.1987) (former employee was plan participant and had standing based on defendant's corporate documents which stated plaintiff was participant); *Bigger v. American Commercial Lines, Inc.*, 652 F.Supp. 123 (W.D.Mo.1986) (plaintiffs had standing to sue for recovery of assets from parent plan after their plan was spun off and funded from parent).

The defendants respond that dismissal is warranted because once a former employee has received full payment for vested benefits, she has no standing to maintain an action under ERISA when the gravamen of the complaint is recovery of damages for breach of a fiduciary duty. *Kuntz v. Reese*, 785 F.2d 1410, (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986) (any recovery would be a damage award, not a payment of vested benefits). *See also Joseph v. New Orleans Electrical Pension & Retirement Plan*, 754 F.2d 628 (5th Cir.1985), *cert. denied*, 474 U.S. 1006, 106 S.Ct. 526, 88 L.Ed.2d 458 (1985); *Walker v. Mountain States Telephone & Telegraph Co.*, 645 F.Supp. 93 (D.Colo.1986); *Loechl v. Illinois Bell Telephone Co.*, 648 F.Supp. 1178 (N.D.Ill.1986).

The issue presented by this case, apparently a matter of first impression, is whether a plaintiff has standing under ERISA to raise a claim of breach of fiduciary duty by pension plan trustees after the plaintiff has withdrawn from the plan and received a lump sum payment. The outcome rests on whether the plaintiff's potential recovery is deemed a "benefit" under the plan or a recovery of damages.

Two of the cases cited by plaintiffs are distinguishable and provide little support for their claim. *Rosenbaum* found standing based on the defendant's own corporate document which stated that the plaintiff was a participant in the trust at the time the disputed assets were distributed. There was no issue of labeling the recovery as a plan benefit. *Rosenbaum*, 669 F.Supp. at 817. In *Bigger*, the alleged breach of fiduciary duty involved the computation, allocation, and transfer of plan assets, and did not involve payment of benefits. The court held that plaintiffs had a sufficient stake in the outcome to warrant standing since they sought to protect the assets of a plan of which they were still beneficiaries. *Bigger*, 652 F.Supp. at 126.

*Ogden* is the only case raised by the parties which directly supports the plaintiff's position. It states that a critical area of Congressional concern in ERISA was eliminating plan mismanagement. By interpreting the standing requirements of ERISA too narrowly, that goal could be frustrated if former employees could be "bought-off" from suing by enticing them with lump sum payments upon retirement. *Ogden*, 657 F.Supp. at 332–33. The *Ogden* court therefore held that plaintiffs had standing to challenge mismanagement since if they were successful, they would recover a plan benefit. *Id.* at 332.

*Kuntz*, the case principally relied on by the defendants, reached the opposite result, stating:

> [A]s former employees whose vested benefit under the plan have already been distributed in a lump sum, the *Kuntz* plaintiffs were not "eligible to receive a

benefit." ... [I]f successful, the plaintiffs' claim would result in a damage award, not an increase of vested benefits, [thus] they are not plan participants.

*Kuntz*, 785 F.2d at 1411.

[Although the] purpose and policy of ERISA is to remedy hardships caused by inequitable treatment of workers by plan administrators, (citation omitted) ... the agency charged with administering ERISA would not consider the Kuntz plaintiffs to be plan participants entitled to this solicitude.

*Id.* at 1412.

After carefully considering the parties' arguments and the cases which have addressed the issue, the court determines that *Kuntz* states the view most appropriately applied here. The plaintiffs received lump-sum distributions, and, as in *Kuntz*, there is no claim that any plaintiff plans on returning to work and starting again to accrue benefits under the plan. Plaintiffs' complaint charges mismanagement and breach of fiduciary duties. Any recovery by the plaintiffs would be damages for those alleged tortious acts, not a benefit under the plan.

Civil actions for ERISA claims may be brought only by a participant, beneficiary, or fiduciary. 29 U.S.C. § 1132(a). Because plaintiffs Gilquist and Reimnitz have no possibility of receiving benefits, they are no longer participants in or beneficiaries of the plan, and have no standing to bring this action.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendants' joint motion to dismiss the complaint of plaintiffs Doris H. Gilquist and Judith M. Reimnitz is granted, and their actions are dismissed for lack of standing.