**Peter HURWITZ, Plaintiff,**

**v.**

**Joan Lear SHER, Defendant.**

**No. 91 Civ. 3486 (RPP).**

United States District Court,
S.D. New York.

April 8, 1992.

Squadron, Ellenoff, Plesent & Lehrer by Neal M. Goldman, Theodore Ellenoff, Philip S. Raible, New York City, for plaintiff.

Loeb and Loeb by Charles H. Miller, New York City, for defendant.

### OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

On May 15, 1991 Plaintiff Peter Hurwitz ("Plaintiff") commenced this action against

Defendant Joan Lear Sher ("Defendant") in Supreme Court, New York County seeking a declaration that he is the sole beneficiary of his father (the "Deceased")'s interest in the Algonquin Press, Inc. Employees Profit Sharing Plan (the "Plan"). On May 23, 1991 Defendant removed the action to this Court pursuant to 28 U.S.C. § 1331.[1] On June 4, 1991 Defendant filed a counterclaim seeking a declaration pursuant to 28 U.S.C. § 2201 that: (1) under the applicable provisions of the Employee Retirement Income Security Act ("ERISA"), the Internal Revenue Code, the Treasury Regulations and § 6.2(d) of the Plan, she, as the spouse of the Deceased, is the rightful beneficiary of the Plan; and (2) that the provisions contained in an antenuptial agreement (the "Agreement") constitute neither a valid nor an effective waiver of her rights as beneficiary of the Plan. The parties each have moved for an order granting summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is granted, and Plaintiff's motion is denied.

## BACKGROUND

The Deceased, an attorney and chief executive officer of Algonquin Press, Inc., was the sole participant in the Plan, an ERISA employee benefit plan qualified under § 401(a) of the Internal Revenue Code. The applicable provisions of the Plan provide that with respect to death benefits, the beneficiary shall be the participant's spouse, and in waiving any of these rights the spouse must acknowledge the effect of such waiver. These provisions of the Plan, §§ 6.2(d) and (e), were added on November 17, 1986 to comply with 29 U.S.C. § 1055 of ERISA and 26 U.S.C. § 401 of the Internal Revenue Code. As amended, the Plan provisions provide the following:

(d) The Beneficiary of the death benefit payable pursuant to this Section shall be the Participant's spouse. Except, however, the Participant may designate a Beneficiary other than his spouse if:

(i) the spouse has waived his or her right to be the Participant's Beneficiary, or

(ii) the Participant has no spouse, or the spouse cannot be located.

\*     \*     \*     \*     \*     \*

(e) Any consent by the Participant's spouse to waive any rights to the death benefit must be in writing, must acknowledge the effect of such waiver, and be witnessed by a Plan representative or a notary public.

Sher Aff. in Supp., Exh. 5 at 3–4.

In 1988 the Deceased divorced his second wife.[2] On July 21, 1988, in connection with the divorce settlement but apparently prior to the divorce, the Deceased's second wife executed a spousal consent to the designation of Plaintiff as the beneficiary of the Deceased's interest in the Plan, thereby waiving her right to a death benefit provided under the Plan. The designation provided, "I consent to the selection of primary beneficiary indicated by my spouse in this form. I understand that I am waiving my right to a death benefit provided under the Plan(s) in accordance with Federal Law by signing this consent." Sher Aff. in Supp., Exh. 3. This waiver complied with the applicable provisions of the Plan and ERISA. The written designation of Plaintiff as the beneficiary also contained the following provision signed by the Deceased:

I understand that if my marital status changes, I am to provide information relating to that change to the Plan Administrator as any change in my marital status could affect the benefits to be paid as a result of my death.

I understand that if I am married at the time of my death, my surviving spouse will receive the surviving spouse's death benefit from the Plan(s) as required by law UNLESS she/he has completed and signed the Spousal Consent below and

---

1. The issues involved are governed by federal statutes.

2. The Deceased's first wife, from whom he was divorced in 1966, is the mother of his only child, the Plaintiff in this action.

had such Consent witnessed by a Notary Public or the Plan Administrator.

*Id.* (emphasis in original).

Defendant and the Deceased were married on January 7, 1990. Prior to their marriage, they executed an antenuptial agreement on December 27, 1989, which provided, in part, that "each party hereby waives and releases to the other party ... any and all rights and causes of action which may arise by reason of the marriage between the parties ... with respect to any property, real or personal, tangible or intangible now owned or hereafter acquired by the other party as fully as though the parties had never married." Sher Aff. in Supp., Exh. 4, ¶ 3. Algonquin Press, Inc. never received a new beneficiary designation from the Deceased, nor any information relating to his change in marital status. Moreover, Defendant, as the Deceased's new spouse, never signed a designation form consenting to the designation of a non-spouse beneficiary (i.e. the Plaintiff).

On October 5, 1990 the Deceased died, leaving Defendant as his surviving spouse and, in view of the antenuptial agreement, Plaintiff as his sole heir. Plaintiff was appointed administrator of the estate, there being no last will and testament admitted to probate. Defendant consented to the appointment, reserving her rights with respect to her claim to the Deceased's interest in the Plan. Sher Aff. in Supp. ¶ 15.

## DISCUSSION

■ Summary judgment is appropriate if the evidence offered demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden rests on the moving party to demonstrate the absence of a genuine issue of material

fact, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), and the Court must view the facts in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Here, the parties agree that there is no material issue of fact; [3] however, each party claims that as a matter of law, it is the proper beneficiary of the Plan. At issue is whether the antenuptial agreement signed by Defendant constituted an effective waiver of her rights to receive the Deceased's benefits under the Plan.

Defendant claims that under the governing ERISA and Internal Revenue Code provisions the execution of the Agreement eleven days prior to her marriage to the Deceased does not constitute an effective waiver of the benefits to which she would otherwise be entitled under the Plan for three reasons: (1) it was not signed by a spouse; (2) it was in a writing which did not designate a beneficiary; and (3) it did not acknowledge the effect of such consent. These three elements are required under §§ 6.2(d) and (e) of the Plan as well as under 29 U.S.C. § 1055(c) of ERISA and 26 U.S.C. § 417(a) of the Internal Revenue Code.

■ The ERISA preemption provision is an expansive one: ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title." 29 U.S.C. § 1144. This language is designed to establish pension plan regulation as an exclusively federal concern. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987). Thus, in considering a designation of the proper beneficiary to an ERISA plan, this Court first should look to the statute itself or any existing federal common law in resolving the instant case.[4]

---

**3.** Defendant claims that both Plaintiff and the Deceased told her that she would be the beneficiary of the Plan, in spite of the antenuptial agreement. Sher Aff. in Supp. ¶ 14. This assertion, which Plaintiff disputes, is not material to

the Court's determination of the instant motions, nor is it considered relevant thereto.

**4.** It appears that this question, whether an antenuptial agreement constitutes a valid waiver of a current spouse's rights as a beneficiary under an ERISA-qualified pension plan, is an issue of

The applicable ERISA provision, 29 U.S.C. § 1055(c), describes the nature of the consent required to waive spousal rights to employee plan benefits:

(2) Each plan shall provide that an election [of a waiver] under paragraph (1)(A)(i) shall not take effect unless—

> (A)(i) the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public.

Similarly, 26 U.S.C. § 417(a) of the Internal Revenue Code provides parallel requirements:

> (2) **Spouse must consent to Election.** Each plan shall provide that an election [of a waiver] under paragraph (1)(A)(i) shall not take effect unless—
>
> (A)(i) the spouse of the participant consents to such election, (ii) such election designates a beneficiary (or a form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public, or
>
> (B) It is established to the satisfaction of a plan representative that the consent required under subparagraph (A) may not be obtained because there is no spouse, because the spouse cannot be located, or because of such other circumstances as the Secretary may by regulations prescribe.

Interpretation of a statute must begin with the statute's language. *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989). Here, both 29 U.S.C. § 1055(c) and 26 U.S.C. § 417(a) require consent to the waiver to be provided by the participant's spouse. When Defendant signed the Agreement she was the Deceased's fiancee, not his spouse. Therefore, Defendant, as a fiancee, could not effectively waive her rights within the meaning of 29 U.S.C. § 1055(c) and 26 U.S.C. § 417(a).

These provisions of ERISA and the Internal Revenue Code also require that the waiver designate a specific beneficiary of the Plan. Here, the Agreement fails again by not specifying a nonspouse beneficiary who will receive the benefits. Similarly, the Agreement is not an effective waiver because it does not acknowledge the effect of the waiver, as required by 29 U.S.C. § 1055(c) and 26 U.S.C. § 417(a).

Treasury Regulation § 1.401(a)–20 provides additional support for Defendant's position. Question and Answer # 28 and # 32 apply specifically to the instant action:

> Q–28 Does consent contained in an antenuptial agreement or similar contract entered into prior to marriage satisfy the consent requirements of sections 401(a)(11) and 417 [of The Internal Revenue Code]?
>
> A–28 No. An agreement entered into prior to marriage does not satisfy the applicable consent requirements, even if the agreement is executed within the applicable election period.
>
> Q–32 What rules govern a participant's waiver of the spousal benefit under section 401(a)(11)(B) [of The Internal Revenue Code]?
>
> A–32 (a) **Application.** In the case of a defined contribution plan ... a participant may waive the spousal benefit of section 401(a)(11)(B)(iii) if the conditions of paragraph (b) are satisfied....

first impression in the federal courts. *Cf. Fox Valley & Vicinity Construction Workers Pension Fund v. Brown*, 897 F.2d 275 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 67, 112 L.Ed.2d 41 (1990) (discussing rights of divorced spouse under deceased husband's ERISA-qualified pension plan).

(b) **Conditions** ... Thus, the participant's waiver of the spousal benefit must state the specific nonspouse beneficiary who will receive such benefit. The waiver is not required to specify the optional form of benefit. The participant may change the optional form of benefit, but not nonspouse beneficiary, without obtaining the spouse's consent.

Treas.Reg. § 1.401(a)–20 (1991)

The Treasury Regulations attempt to interpret Congressional intent behind statutory language. They "must be sustained unless unreasonable and *plainly inconsistent* with the revenue statutes, and should not be overruled except for weighty reasons." *Bingler v. Johnson,* 394 U.S. 741, 749–750, 89 S.Ct. 1439, 1445, 22 L.Ed.2d 695 (1969) (emphasis added). Here, the Treasury Regulations are neither unreasonable nor inconsistent with the statutory language. Moreover, Plaintiff has advanced no weighty reasons mandating their reversal.[5] Accordingly, they should not be overruled.

█ Notwithstanding the above statutes and regulations, Plaintiff argues that state law governs the resolution of this case. In support of his position, he relies on *In re Estate of Hopkins,* 214 Ill.App.3d 427, 158 Ill.Dec. 436, 574 N.E.2d 230, *appeal denied,* 141 Ill.2d 542, 162 Ill.Dec. 489, 580 N.E.2d 115 (1991). However, as the court in *Hopkins* conceded, federal law governs this issue.[6] A state court's interpretation of the applicable federal law is not binding on this Court. Furthermore, in *Hopkins,* the Illinois state court erroneously relied on *Fox Valley & Vicinity Construction Workers Pension Fund v. Brown,* 897 F.2d 275 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 67, 112 L.Ed.2d 41 (1990). The court read *Fox* to hold that, "a *surviving spouse* can waive her interests in a plan without following [the] specific waiver requirements [of ERISA as amended in 1984]." *Hopkins,* 158 Ill.Dec. at 441, 574 N.E.2d at 235 (emphasis added). However, the issue in *Fox Valley* was whether a divorced spouse who was designated as a beneficiary prior to the divorce would still receive a death benefit despite a provision in a divorce settlement waiving any rights to the benefit. The Seventh Circuit noted that both ERISA and the existing body of federal common law interpreting ERISA are silent on the issue of what constitutes a proper waiver in a divorce agreement. *Fox Valley,* 897 F.2d at 280. Therefore, it was free to turn to state law to conclude that the settlement did in fact constitute a valid waiver of the benefits under the ERISA plan.

The instant case involves a current spouse who has statutorily protected rights. Moreover, 29 U.S.C. § 1055(c) and 26 U.S.C. § 417(a) are not silent as to the proper form of consent necessary for a spouse to waive plan benefits. Instead, they outline specific requirements which must be fulfilled for a spouse to effectuate a valid waiver. As described above, these requirements were not met by the antenuptial agreement between the Deceased and Defendant. Accordingly, the Agreement does not constitute an effective waiver of Defendant's rights to the Plan's benefits, and Defendant is the proper beneficiary of the Plan.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied, and Defendant's motion is granted. This case is ordered closed.

IT IS SO ORDERED.

---

5. Plaintiff argues that upholding the Regulation would result in Defendant receiving benefits which she had no expectation of receiving. As mentioned *supra,* whether Defendant was told she was the beneficiary of the Plan is disputed. Under ERISA Defendant's expectations as to her rights under the Plan, however, are irrelevant. Instead, it is her knowing waiver that is relevant.

6. Despite this acknowledgement, the Illinois court found that the antenuptial agreement in that case did constitute a valid waiver. *Hopkins,* 158 Ill.Dec. at 441, 574 N.E.2d at 235.