**Carl N. ZINN, Heidi E. Larson, Juliana Kottke, Elizabeth Bicknase, Christiana W. Zinn and Alice R. Zinn, Plaintiffs,**

v.

**DONALDSON COMPANY, INC., Salaried Employees' Retirement Savings Plan, Donaldson Company, Inc., and Audrey L. Petri Zinn, Defendants.**

**Civ. No. 4–92–467.**

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 14, 1992.

Luke H. Terhaar, and Lindquist & Vennum, Minneapolis, Minn., for plaintiffs.

David Y. Trevor, and Dorsey & Whitney, Minneapolis, Minn., for defendants Donaldson Co., Inc. Salaried Employees' Retirement Sav. Plan and Donaldson Co., Inc.

Roger A. Pauly, and Lang, Pauly & Gregerson, Ltd., Eden Prairie, Minn., for defendant Audrey L. Petri Zinn.

## ORDER

DOTY, District Judge.

This matter is before the court on defendants' motion for summary judgment. Based on a review of the file, record and proceedings herein, the court grants defendants' motion.

## BACKGROUND

Plaintiffs brought the present action to determine the proper recipient of profit sharing benefits accrued by the late Donald Zinn. Plaintiff Alice Zinn was Donald

Zinn's first wife. Plaintiffs Carl N. Zinn, Heidi E. Larson, Juliana Kottke, Elizabeth Bicknase and Christiana W. Zinn are the children of Donald and Alice Zinn. Defendant Audrey L. Petri Zinn ("Audrey Zinn") is Donald Zinn's surviving spouse. Defendant Donaldson Company, Inc. Salaried Employees' Retirement Savings Plan ("the plan"), an employee benefit pension plan subject to the Employees Retire Income Security Act ("ERISA"), is sponsored and administered by defendant Donaldson Company, Inc. ("Donaldson"). Donald Zinn, a long-time Donaldson employee and participant in the plan, did not exercise any payment options prior to his death. His benefits, valued at approximately $83,000, remain deposited with the plan.

Donald and Alice Zinn were divorced in September 1988. On June 1, 1990, Donald Zinn and Audrey Petri entered into an antenuptial agreement. The agreement provided that each party would retain the property that he or she owned either at the time of marriage or acquired during the marriage. The agreement further stated that the parties intended that the "agreement serve as a legal and equitable bar" to subsequent claims by either spouse concerning the property of the other spouse. Section 4 of that agreement further provided that Donald Zinn "shall own and have the sole right of possession and disposal" of all of his property. Donald Zinn's benefits under the plan were included on the schedule of property attached to the antenuptial agreement.

On June 21, 1990, Donald and Audrey Zinn were married, and Donald Zinn died on June 18, 1991. At the time of his death, he was still married to Audrey Zinn.

After Zinn's death, the plan received claims for his benefits from both his widow, Audrey Zinn and his former spouse, Alice Zinn. Alice subsequently expanded her claim to include a claim on behalf of her children. After reviewing the claims, the plan determined that the benefits properly belonged to Audrey Zinn as the surviving spouse of Donald Zinn.

Plaintiffs brought the present lawsuit on May 14, 1992. Count I of their complaint asserts that the antenuptial agreement deprives Audrey Zinn of her right to the benefits under the plan and that Alice Zinn and her children are the proper beneficiaries based on a 1967 beneficiary designation. Even if the antenuptial agreement does not legally deprive Audrey Zinn of her interest in the plan, Count II seeks a constructive trust requiring Audrey Zinn to pay plaintiffs the benefits because the antenuptial agreement "contractually and equitably" binds her to do so. Count III alleges that Donaldson failed to provide advice and an accurate plan description to Donald Zinn and seeks damages for breach of fiduciary duty.

Defendants now move for summary judgment on all of plaintiffs' claims, and seek a declaration that Audrey Zinn is the proper beneficiary of Donald Zinn's interest in the plan and an order directing the plan to pay the value of that interest to Audrey Zinn. Plaintiffs respond that material fact disputes exist concerning whether Audrey Zinn waived her interest in the plan either by entering into the antenuptial agreement or by consenting to the beneficiary designations set forth in Donald Zinn's final will. They further contend that disputed issues exist concerning Donald Zinn's intent regarding the disposition of his benefits. Plaintiffs finally argue that under ERISA, they have standing to assert a breach of fiduciary duty claim as set forth in Count III of the complaint.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which requires the trial judge to direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552. With this standard at hand, the court will consider defendants' motion for summary judgment.

Plaintiffs first contend that Audrey Zinn validly consented to a change of beneficiary under ERISA.[1] ERISA provides that the surviving spouse of a plan participant is automatically entitled to the participant's benefits upon his death. 29 U.S.C. § 1055.[2] A participant's spouse, however, may consent to another beneficiary if:

(i) the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or a form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public ...

29 U.S.C. § 1055(c)(2)(A).[3] Section 7.4.2 of Donaldson's plan further provides that:

Spousal Consent. Notwithstanding the foregoing, a designation [of a non-spousal beneficiary] will not be valid for the purpose of paying benefits from the Plan to anyone other than a surviving spouse of the Participant (if there is a surviving spouse) unless that surviving spouse consents in writing to the designation of another person as Beneficiary. To be valid, the consent of such spouse must be in writing, must acknowledge the effect of the designation of the Beneficiary and must be witnessed by a notary public. The consent of the spouse must be to the designation of a specific named Beneficiary which may not be changed without further spousal consent, or alternatively, the consent of the spouse must expressly permit the Participant to make and to change the designation of Beneficiaries without any requirement of further spousal consent.... The consent of the surviving spouse will be required ... before benefits can be paid to any person other than the surviving spouse.

Defendants thus contend that to effectively divest a spouse of her rights under the plan, the spousal consent must (1) be entered into after marriage and (2) either designate a new beneficiary or "expressly permit[ ] designations by the participant

---

**1.** The present dispute is governed by the Employees Retire Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, and related provisions of the Internal Revenue Code.

**2.** The section that governs the plan specifically provides that:

the participant's nonforfeitable accrued benefit is payable in full, on the death of the participant, to the participant's surviving spouse (or, if there is no surviving spouse or

the surviving spouse consents in the matter required under subsection (c)(2)(A) of this section, to a designated beneficiary) ...

29 U.S.C. § 1055(b)(1)(C)(i). The related provision of the Internal Revenue Code ("IRC"), 26 U.S.C. § 417, mirrors this language.

**3.** Those same requirements are set forth in the Internal Revenue Code, 26 U.S.C. § 417(a)(2)(A).

without any requirement of further consent by the spouse." They argue that failure to comply with either of those requirements nullifies any purported consent and that the surviving spouse remains sole beneficiary.

■ Plaintiffs proffer two documents that they contend constitute consent by Audrey Zinn for purposes of ERISA. The first document on which they rely is an antenuptial agreement entered into by Donald Zinn and Audrey L. Petri on June 1, 1991. The agreement was signed by Petri, notarized and provided that all property owned by the parties at the time of their marriage or acquired thereafter was to be kept separately. It is undisputed, however, that Audrey Petri signed the agreement prior to the parties' marriage on June 21, 1990. Three federal courts have determined that an antenuptial agreement may not deprive a party of ERISA rights acquired only later, when the marriage occurred. *See Howard v. Branham & Baker Coal Co.*, No. 91–5913, 968 F.2d 1214 (table), 1992 WL 154571, at *3 (6th Cir. July 6, 1992) (text in Westlaw) (noting district court's determination that a prenuptial agreement does not constitute valid spousal consent under ERISA); *Hurwitz v. Sher*, 789 F.Supp. 134, 137–38 (S.D.N.Y.1992) (a participant's fiancee can "not effectively waive her rights within the meaning of 29 U.S.C. § 1055(c)); *Nellis v. Boeing Co.*, 15 Employee Benefits Cas. (BNA) 1651, 1992 WL 122773, at *3–5 (D.Kan. May 8, 1992) (a prenuptial agreement is not executed by a "spouse" and thus does not satisfy ERISA requirements for spousal consent); *but see In re Estate of Hopkins*, 214 Ill.App.3d 427, 158 Ill.Dec. 436, 574 N.E.2d 230 (1991) (holding that an antenuptial agreement operated as valid consent for purposes of ERISA). Adopting that analysis, the court

concludes that because Audrey Zinn was not a "spouse" at the time she executed the antenuptial agreement, the agreement does not operate an as effective waiver of Audrey Zinn's right under ERISA.[4]

The court further finds that the antenuptial agreement is deficient in content. ERISA requires that a spouse either consent to a specific new beneficiary or expressly agree that the participant can name or change beneficiaries without further spousal consent. 29 U.S.C. § 1055(c)(2)(A)(ii). It is undisputed that the antenuptial agreement did not name another beneficiary or provide Donald Zinn with authority to name or change beneficiaries without the requirement of further consent by Audrey Zinn. Those deficiencies provide another basis on which the antenuptial agreement fails as valid consent under ERISA. *Hurwitz*, 789 F.Supp. at 137.

Based on the foregoing, the court concludes that the Zinns' prenuptial agreement does not constitute effective spousal consent under ERISA.

■ In their opposition to defendants' motion, plaintiffs also claim that Audrey Zinn's consent to Donald Zinn's last will, which was executed shortly before his death, operates to waive her rights under ERISA. Although this consent document was executed after the Zinns' marriage, it merely states that Audrey Zinn agreed to the provisions of Donald Zinn's new will. Neither the will nor her consent refer to the plan benefits. Moreover, the consent fails to name an alternate beneficiary and does not provide Donald Zinn with the authority to name a new beneficiary without further spousal consent. The court thus concludes that Audrey Zinn's consent to Donald Zinn's will fails to operate as valid consent for purposes of ERISA. *See id.*

**4.** Treasury Department interpretive regulations also support this conclusion:

Q–28: Does consent contained in an antenuptial agreement or similar contract entered into prior to marriage satisfy the consent requirements of §§ 401(a)(11) and 417 [of the Internal Revenue Code]?

A–28: No. An agreement entered into prior to marriage does not satisfy the applicable consent requirements, even if the agreement

is executed within the applicable election period.

Treasury Regulation § 1.401(a)–20.

Such Treasury regulations "must be sustained unless unreasonable and plainly inconsistent with the revenue statutes, and should not be overruled except for weighty reasons." *Hurwitz*, 789 F.Supp. at 138 (quoting *Bingler v. Johnson*, 394 U.S. 741, 749–50, 89 S.Ct. 1439, 1444–45, 22 L.Ed.2d 695 (1969)).

Based on the foregoing, the court concludes that defendants' motion for summary judgment on Count I of plaintiffs' complaint should be granted.

■ In Count II of the complaint, plaintiffs argue that even if the antenuptial agreement does not met the requirements for valid consent under ERISA, the court should order Audrey Zinn to execute a valid consent. The court, however, rejects plaintiffs' attempt to circumvent the requirements of valid consent under ERISA. *See Callahan v. Hutsell, Callahan & Buchino, P.S.C., Revised Profit Sharing Plan,* No. C91–0616–L(J), slip op. at 9 (W.D.Ky. Feb. 18, 1992) (refusing to order beneficiary to sign a consent after her spouse's death despite the fact that she had previously agreed, in an antenuptial agreement, to sign such a waiver). Based on the foregoing, the court grants defendants' motion for summary judgment on Count II of the complaint.

■ In Count III of their complaint, plaintiffs claim that Donaldson breached its fiduciary duty under ERISA by failing to adequately inform Donald Zinn of his rights and responsibilities concerning the proper designation of a beneficiary. Plaintiffs contend that as a result of that breach, Audrey Zinn retained her spousal survivor rights despite Donald Zinn's contrary intent. Defendants seeks summary judgment on this claim, arguing that plaintiffs have no standing to assert such a claim.

ERISA permits beneficiaries to assert a private cause of action for breach of fiduciary duty. 29 U.S.C. § 1132(a)(2).[5] ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). Plaintiffs concede that "an ERISA action by potential beneficiaries may be dismissed on standing grounds *only* where the plaintiffs 'have no possibility of receiving benefits.' " (Pls.' Mem. in Opp'n Summ.J. at 25, *quoting*

*Gilquist v. Becklin,* 675 F.Supp. 1168, 1171 (D.Minn.1987), *aff'd mem.,* 871 F.2d 1093 (8th Cir.1988)). The Supreme Court has similarly held that:

> In order to establish that he or she "may become eligible for benefits," a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future.

*Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 117–18, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989) (construing "may be eligible" language in definition of participant, 29 U.S.C. § 1002(7)). Based on the court's determination that Audrey Zinn did not give valid consent under ERISA and its refusal to order her to execute such consent, plaintiffs are not and cannot become beneficiaries under Zinn's profit sharing plan. Thus, plaintiffs have "no possibility of receiving benefits," and no standing as beneficiaries to assert a breach of fiduciary duty claim. *See Gilquist,* 675 F.Supp. at 1171.

■ A damage claim for breach of fiduciary duty is also insufficient to confer status as beneficiaries. *Cf. Kuntz v. Reese,* 785 F.2d 1410 (9th Cir.1986) (a claim for damages does not constitute a right to future benefits for purposes of ERISA standing); *Joseph v. New Orleans Elec. Pension & Retirement Plan,* 754 F.2d 628 (5th Cir.1985) (same); *Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group,* 721 F.2d 654 (9th Cir.1983) (ERISA claim that essentially asserted that employer had fraudulently induced employee to waive his participation in a plan was insufficient to give employee standing as a "participant"); *Vilas v. Lyons,* 702 F.Supp. 555, 561–62 (D.Md.1988) (holding that a surviving spouse who had executed a valid consent thereby lost her status as a beneficiary and her standing to sue under ERISA). Courts thus recognize a distinction between a person seeking to recover benefits under the terms of a plan, and thus has standing, and a person merely

---

**5.** Plaintiffs do not allege that they are participants or fiduciaries, the two other classes of persons with standing to assert such an action.

seeking damages outside the terms of a plan, and thus lacks standing. If plaintiffs were to proceed with their breach of fiduciary claim:

> Any recovery by the plaintiffs would be damages for those alleged tortious acts, not a benefit under the plan....
>
> . . . .
>
> Because plaintiffs ... have no possibility of receiving benefits, they are no longer participants in or beneficiaries of the plan, and have no standing to bring this action.

*Gilquist,* 675 F.Supp. at 1171. Based on the foregoing, the court concludes that plaintiffs have no standing to bring a fiduciary duty claim under ERISA and thus, defendants' motion for summary judgment on Count III of plaintiffs' complaint should be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment on Count I of the complaint is granted;

2. Defendants' motion for summary judgment on Count II of plaintiffs' complaint is granted; and

3. Defendants' motion for summary judgment on Count III of plaintiffs' complaint is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.