OPINION
{¶ 1} Defendant-appellant, Paula Morris, appeals from the judgment of the Franklin County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee, Kimberly A. Garcia. For the following reasons, we affirm.
{¶ 2} On December 14, 1994, Arbie J. Skaggs, a police officer with the city of Columbus, executed a "Sworn Retired Benefit Form" designating Paula Morris (nee Rutherford) as the beneficiary of his Ohio State Life Insurance Company-issued life insurance policy, "Six Dollar Death Benefit," and "Police Sub Relief Fund." Two months after making this designation, Mr. Skaggs married appellant.
{¶ 3} On September 17, 1999, appellant's marriage to Mr. Skaggs ended by dissolution. In Mr. Skaggs' and appellant's separation agreement, the parties agreed that Mr. Skaggs would "retain all right, title and interest in and to his life insurance policy" and he would be "entitled to change the beneficiary at any time." Further, the settlement agreement was a "full and complete settlement of all * * * property rights between the parties, each of whom does by the provisions hereof, release, satisfy and discharge all claims and demands against the other, including * * * in all property which each now owns or here may after acquire."
{¶ 4} On July 17, 2000, Mr. Skaggs died. Prior to his death, Mr. Skaggs did not remove appellant as the beneficiary of his life insurance or death benefits.
{¶ 5} On December 8, 2000, Ohio State Life Insurance Company brought an action in the Franklin County Court of Common Pleas seeking: (1) an order granting leave to deposit $5,000 in life insurance proceeds with the court; and (2) an order requiring appellee, Mr. Skaggs' sister and the executor of his estate, and appellant to interplead and settle their respective claims to the life insurance proceeds. On January 18, 2001, appellee brought a cross-claim against appellant seeking, in part, the return of $15,165 in death benefit fund proceeds from the "Six Dollar Death Benefit" and "Police Sub Relief Fund" that had been issued to appellant.
{¶ 6} On September 12, 2001, appellee filed a motion for partial summary judgment, alleging that, pursuant to R.C. 1339.63(B)(1), appellant's status as beneficiary of Mr. Skaggs' life insurance and death benefit plans was revoked upon the dissolution of appellant's marriage to Mr. Skaggs. Appellant responded with her own motion for partial summary judgment, in which she argued that R.C. 1339.63(B)(1) did not apply and that she did not waive her rights as beneficiary.
{¶ 7} On December 6, 2001, the trial court issued a decision granting appellee's motion and denying appellant's motion. After being informed that the parties had resolved all other pending claims, the trial court granted judgment to appellee in the amount of $15,165, plus interest, and ordered the clerk of courts to release the life insurance proceeds, in the amount of $5,217.80, to appellee. Appellant then appealed to this court.
{¶ 8} On appeal, appellant assigns the following errors:
{¶ 9} "A. The trial court erred in finding that Arbie J. Skaggs' designation of Appellant Paula Morris as beneficiary of his life insurance policy and police funds was revoked by operation of R.C. §1339.63.
{¶ 10} "B. The trial court erred in finding that Appellant Paula Morris waived her status as beneficiary to Arbie J. Skaggs' life insurance policy and police funds pursuant to their separation agreement."
{¶ 11} By her first assignment of error, appellant argues that R.C. 1339.63(B)(1) does not apply to the case at bar. Pursuant to R.C. 1339.63(B)(1):
{¶ 12} "Unless the designation of beneficiary or the judgment or decree granting the divorce, dissolution of marriage, or annulment specifically provides otherwise * * * if a spouse designates the other spouse as a beneficiary * * * and if * * * the spouse who made the designation * * * is divorced from the other spouse, obtains a dissolution of marriage, or has the marriage to the other spouse annulled, then the other spouse shall be deemed to have predeceased the spouse who made the designation * * * and the designation of the other spouse as a beneficiary is revoked as a result of the divorce, dissolution of marriage, or annulment."
{¶ 13} Thus, according to this statute, a dissolution of marriage revokes the designation of a former wife, such as appellant, as beneficiary of a former husband's life insurance and death benefit plans, unless the designation or dissolution of marriage specifies otherwise. Relying upon the phrase "if a spouse designates the other spouse as a beneficiary," appellant argues that R.C. 1339.63(B)(1) does not operate to revoke her beneficiary status because Mr. Skaggs was not her "spouse" when he designated her as his beneficiary. We disagree.
{¶ 14} We conclude that R.C. 1339.63(B)(1) is applicable to the present case because Mr. Skaggs was appellant's spouse. Although Mr. Skaggs was not appellant's spouse at the time he designated her as his beneficiary, R.C. 1339.63(B)(1) does not restrict the application of the statute to a designation made during the marriage. When they married, Mr. Skaggs and appellant became "spouses," and because appellant was Mr. Skaggs' spouse and the beneficiary of his life insurance and death benefit plans, R.C. 1339.63(B)(1) operates to revoke the designation upon dissolution of the marriage.
{¶ 15} Further, we are not persuaded by appellant's reliance upon the reasoning of Hurwitz v. Sher (S.D.N.Y. 1992), 789 F. Supp. 134 . In Hurwitz, the court construed an ERISA and an IRS provision regarding a spouse's waiver of death benefits. Pursuant to these provisions, the court held that a waiver included in a prenuptial agreement could not deprive a party of ERISA rights acquired only later, when the marriage occurred. Thus, only a "spouse," and not a fiancée, could waive death benefits. Unlike the provisions at issue in Hurwitz, no such reasoning underlies R.C. 1339.63(B)(1) to limit the application of the statute to designations made only during the marriage.
{¶ 16} Accordingly, we conclude that, pursuant to R.C.1339.63(B)(1), the designation of appellant as Mr. Skaggs' beneficiary was revoked as a result of the dissolution of marriage. Further, we conclude that nothing in the designation itself or in the judgment granting the dissolution of marriage "specifically provides otherwise."
{¶ 17} By her second assignment of error, appellant argues that she did not waive her status as beneficiary. Because we have concluded that R.C. 1339.63(B)(1) operates to revoke appellant's status as beneficiary, appellant's second assignment of error is moot.
{¶ 18} For the foregoing reasons, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
DESHLER and LAZARUS, JJ., concur.