■ BARBARA S. PEERCE, Appellant-Respondent, v STUART PEERCE, Respondent-Appellant. — Order of the Supreme Court, New York County (Gomez, J.) entered September 2, 1981, which, *inter alia,* awarded plaintiff wife $1,250 weekly maintenance *pendente lite,* directed defendant husband to pay all of plaintiff's medical, psychiatric, drug expenses, and maintain the parties' jointly owned Florida residence, unanimously modified, on the law and facts, and in the exercise of discretion, to vacate the award of maintenance and to direct such payments be made *pendente lite* in accordance with the schedules contained in the antenuptial agreement heretofore entered into between the parties and the matter remanded for a determination thereof; and, as so modified, the order is otherwise affirmed, without costs. There was an antenuptial agreement, entered into by the parties on July 28, 1972 which provided, *inter alia,* for mutual relinquishment of any property interest in the estate of the other and which further provided that: "immediately upon the parties commencing to live separate and apart and for the balance of the joint lifetimes of the parties, or until the parties are divorced * * * and irrespective of the reason or grounds for such separation or any question whatsoever of marital fault, [defendant shall] pay to [plaintiff] * * * [20,000 per annum] * * * plus * * * 33-⅓ percent of [defendant's] net taxable income for each year * * * over $100,000, which amounts [plaintiff] agrees to accept in full satisfaction and discharge of any claims or rights to alimony or other support payments which [plaintiff] may have against [defendant]." Section 236 (part B, subd 3) of the Domestic Relations Law provides, *inter alia,* that an agreement by the parties as to maintenance made before or during the marriage shall be valid and enforceable in a matrimonial action provided that such terms were fair and reasonable at the time of the agreement and are not unconscionable at the time of entry of final judgment. Any such agreement is subject to the provisions of section 5-311 of the General Obligations Law. That section permits either spouse to waive support as long as he or she is not likely to become a public charge. This is clearly not factually applicable in view of the financial benefits to which the wife is now entitled. In directing the remand for determining the amount due plaintiff *pendente lite,* in accordance with the schedules contained in the antenuptial agreement, we emphasize that this court takes no position with respect to the validity of such agreement. Concur — Sullivan, J. P., Markewich, Bloom, Fein and Asch, JJ.