■ MARY L. MOOR-JANKOWSKI, Appellant, v JAN MOOR-JANKOWSKI, Respondent. [634 NYS2d 728] —In a matrimonial action in which the parties were divorced by a judgment entered May 20, 1994, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Ingrassia, J.), dated July 25, 1994, as granted the defendant's motion for partial summary judgment dismissing her claim for equitable distribution of the defendant's retirement funds.

Ordered that the order is affirmed insofar as appealed from, with costs.

Prior to their marriage, the parties entered into an antenuptial agreement prepared by the plaintiff's attorney which provided that each party was to retain absolute ownership of his or her separate property, including increments in such property which were "a direct result of the personal efforts, skills, or services of the party owning said assets". Each party waived any right "which he or she may acquire in the separately owned property, whether now owned or hereafter acquired, of the other by reason of such marriage".

The plaintiff commenced the instant action for divorce after five years of marriage. A judgment of divorce was granted to the plaintiff which reserved for trial those issues relating to equitable distribution of the parties' property. Prior to the trial, and based on the antenuptial agreement, the court granted the defendant's motion for partial summary judgment dismissing the plaintiff's claim for equitable distribution of his retirement funds.

The plaintiff contends that the antenuptial agreement should not be enforced because it failed to comply with the spousal consent provisions of the Employee Retirement Income Security Act *(see,* 29 USC § 1055 [c] [2] [A]). We conclude that this contention is without merit as the spousal consent provisions apply to the plan participant's current spouse. A "qualified domestic relations order" provides the means for protecting the interests of a former spouse in pension benefits *(see,* 29 USC § 1056 [d]; *Fox Val. & Vicinity Constr. Workers Pension Fund v Brown,* 897 F2d 275, *cert denied* 498 US 820; *Kahn v Kahn,* 801 F Supp 1237, *affd* 2 F3d 403; *cf., Hurwitz v Sher,* 982 F2d 778, *cert denied* 508 US 912).

We agree with the Supreme Court that the plaintiff waived any interest in the husband's pension. Those funds which accumulated in the defendant's pension in the 20 years prior to his marriage and in the years after the matrimonial action was commenced constituted his separate property *(see, Kaplan v Kaplan,* 82 NY2d 300, 306; *Majauskas v Majauskas,* 61 NY2d 481, 490). The antenuptial agreement clearly provided that the parties were to retain sole ownership of their separate property. Moreover, the plaintiff clearly waived any claim to those pension benefits which accrued during the marriage as the agreement provided that any increments in a party's separate property which were acquired during the marriage due to the personal efforts of the owner of the property would remain his or her separate property. Since the parties' agreement was clear *(see, e.g., Roos v Roos,* 206 AD2d 293), the court properly granted the defendant's motion for partial summary judgment. Thompson, J. P., Ritter, Joy and Florio, JJ., concur.