■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ARTHUR, Appellant. [649 NYS2d 408] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered January 31, 1996, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the second degree, and sentencing him to a term of $3^1/_3$ to 10 years, unanimously affirmed.

Defendant's request to withdraw his plea was properly denied since the plea was entered knowingly and voluntarily (*see, People v Miller*, 42 NY2d 946). According to the plea arrangement, defendant understood that if he failed to make restitution, or failed to appear for sentence, he could go to prison for a maximum of up to 15 years. Defendant violated both of these conditions, and the court imposed an appropriate sentence, which was less than 15 years of which defendant was forewarned, and which was proportionate to defendant's crime. Despite reasonable opportunities to do so, defendant made no restitution of any part of the $196,000 proceeds of his crime. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Williams, JJ.

■ ANNE B. RICHARDS, Respondent, v WILLIAM RICHARDS, Appellant. [648 NYS2d 589] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered on or about May 26, 1995, which, in an action for divorce, determined that plaintiff wife is not barred from equitable distribution of defendant husband's pension and retirement plans as a result of a prenuptial agreement in which she waived any claim thereto, unanimously affirmed, without costs.

We are in accord with the view expressed by the United States District Court, Southern District of New York in *Hurwitz v Sher* (789 F Supp 134, 137 [citing Treasury Regulation (26 CFR) § 1.401 (a)-20], *affd for other reasons* 982 F2d 778, 781, n 3, *cert denied* 508 US 912) that, under the Employee Retirement Income Security Act (29 USC § 1055 [c] [2] [A] [i]) and the Internal Revenue Code (26 USC § 417 [a] [2] [A] [i]), only a spouse can waive spousal rights to employee plan benefits, that a fiancée is not a spouse, and that such rights, therefore, cannot be effectively waived in a prenuptial agreement.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Wallach, J. P., Nardelli, Williams and Mazzarelli, JJ.