■ PATRICIA KUHL, Appellant, v UNITED AIRLINES, INC., Defendant, and MARY A. KUHL, Respondent. [655 NYS2d 619] —In an action to recover damages pursuant to a pension plan, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated March 26, 1996, which, upon renewal, granted the cross motion of the defendant Mary Ann Kuhl to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was married to the decedent, George Kuhl, Jr., on September 21, 1967. During the course of their marriage, the decedent was employed by United Airlines, Inc., and participated in its fixed benefit pension plan. On February 13, 1985, the plaintiff and the decedent entered into a separation agreement entitling the plaintiff to a 50% share in the decedent's pension *unless* the plaintiff remarried. The parties were divorced by judgment dated December 18, 1986. The separation agreement was not merged with the judgment of divorce.

On November 13, 1987, the decedent married the respondent, Mary Ann Kuhl, who remained his spouse at the time of his death on June 5, 1994. Upon his death, the decedent was still employed with United Airlines, Inc. Since he had not yet reached his 55th birthday, he was not eligible for retirement benefits. However, the retirement plan did provide pre-retirement survivor benefits amounting to 50% of the accrued retirement benefits.

In her complaint the plaintiff sought, *inter alia,* to recover from the respondent all money paid or available under the decedent's retirement plan. The plaintiff moved for a qualified domestic relations order (hereinafter QDRO) with regard to the decedent's pension plan and the distribution of survivor's benefits payable to her as an alternate payee. The respondent cross-moved to dismiss the complaint claiming that the plaintiff acquired no interest in his pension plan.

By order dated August 9, 1995, the Supreme Court denied the defendant's cross motion finding that a question of fact existed as to the interests of the parties in the decedent's benefits. Notwithstanding the foregoing, the court found insufficient facts to support the issuance of a QDRO in favor of the plaintiff. The court ordered a hearing to calculate the proportionate share of survivor benefits payable to the plaintiff. The plaintiff remarried before the commencement of the hearing. Upon renewal, and in view of the plaintiff's remarriage, the court granted the respondent's cross motion to dismiss the plaintiff's complaint.

On appeal, the plaintiff contends that the Supreme Court erred in holding that she waived her purported interest in the decedent's pension plan upon her remarriage. We disagree.

The plaintiff presented no evidence of fraud, mistake, or duress in entering into the separation agreement. The clear and unambiguous language of the agreement entitled the wife to a 50% share in the husband's pension *unless* she remarried. Upon the wife's remarriage, and no QDRO having been previ-

ously entered, this provision became operable and the wife waived any claim to the decedent's pension (cf., Moor-Jankowski v Moor-Jankowski, 222 AD2d 422). Contrary to the plaintiff's contention, this waiver provision does not violate public policy (cf., Reed v Reed, 180 AD2d 1006). Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.