*929 OPINION OF THE COURT
Sandra L. Townes, J.
Defendant in this matrimonial action seeks a determination that plaintiffs pension and deferred compensation plan are marital assets subject to distribution, and an order awarding temporary maintenance and counsel fees. Plaintiff and defendant were married on September 17, 1982, and they have three children.
Prior to their marriage, and in contemplation thereof, the parties entered into an antenuptial agreement. The agreement, dated September 15, 1982, provides that each party shall have the exclusive right to dispose of any and all property of whatever nature which he or she “now owns or is possessed of, or may hereafter acquire, or receive, as his or her own absolute property in like manner as if he or she had remained unmarried.” It further provides that any property acquired in their joint names after the marriage would be divided equally between the parties in the event of divorce. The parties specifically acknowledged and waived their prospective rights to equitable distribution under the Domestic Relations Law. They further waived their right to temporary or permanent alimony or maintenance in the event of a separation or divorce. The defendant was represented by counsel in connection with the antenuptial agreement, and plaintiff acknowledged her entitlement to counsel and waived the same.
At the time of the execution of the antenuptial agreement and the marriage of the parties, plaintiff was employed by Bell Atlantic and was entitled to a pension benefit. Plaintiff continues to be employed by Bell Atlantic, and her pension benefit increased in value during the marriage. Plaintiff is also a participant in a retirement and savings plan through Bell Atlantic.* Defendant contends that plaintiff’s pension and deferred compensation plan are marital assets subject to equitable distribution under Domestic Relations Law § 236 (B), and that he did not waive his rights in plaintiff’s pension and deferred compensation plan because the antenuptial agreement did not satisfy the requirements of the Federal statutes and regulations governing waiver of such benefits. Specifically, he contends that, under the Employee Retirement Income Security Act of 1974 (29 USC § 1055 [ERISA]), an effective waiver of spousal benefits can be made only by a spouse, and he was *930 not the spouse of the plaintiff when he purported to waive his rights by the antenuptial agreement. He further contends that ERISA restricts the waiver of spousal benefits and, because his purported waiver did not comply with such restrictions, it is ineffective.
Plaintiff opposes the motions in all respects. She contends that, in 1982, when the parties entered into the antenuptial agreement, ERISA did not contain any restrictions upon a waiver of spousal benefits (those restrictions having been added to the statute in 1984) and thus, the antenuptial agreement did not run afoul of ERISA. She further contends that the ERISA restrictions on the waiver of spousal benefits do not apply to this case because they govern only the waiver of survivor benefits which are not at issue in a divorce action. Plaintiff maintains that the antenuptial agreement is a valid waiver of all of defendant’s rights in her pension and deferred compensation plans.
Domestic Relations Law § 236 (B) (3) provides that agreements made before the marriage of the parties are enforceable in a matrimonial action if in writing, subscribed by the parties and acknowledged in the manner required to entitle a deed to be recorded (see, Avitzur v Avitzur, 58 NY2d 108, cert denied 464 US 817; General Obligations Law § 3-303). There is, in fact, a strong public policy running in favor of “individuals ordering and deciding their own interests through contractual arrangements, including prenuptial arrangements” (Matter of Greiff, 92 NY2d 341, 344). The antenuptial agreement is controlling “unless and until it is set aside” (Rubin v Rubin, 262 AD2d 390, 391). In the instant case, the written antenuptial agreement was properly subscribed and acknowledged by the parties and there is no contention that it is invalid other than as a waiver of pension rights under ERISA.
ERISA (29 USC § 1001 et seq.) was enacted in 1974. Effective January 1, 1985 (after the date of the antenuptial agreement in the instant case) the Retirement Equity Act of 1984 (REA) added to the statute the requirement that all qualified pension plans provide automatic benefits to surviving spouses in the form of a survivor’s annuity (Pub L 98-397, 98 US Stat 1429 [1984]). Pursuant to REA, retirement income and deferred compensation plans must provide survivor benefits in the form of joint and survivor annuities to the spouses of participants (29 USC § 1055 [a] [2]). These mandated benefits provide income to the surviving spouse in the event of the death of the participant, regardless of whether the death occurs before or *931 after retirement. In addition to mandating the survivor benefits, REA provides that such benefits cannot be waived by the participant or spouse unless, inter alia, the waiver is written, signed by the participant and his or her spouse before a plan representative or a notary, and designates a beneficiary who cannot be changed without spousal consent (29 USC § 1055 [c] [1], [2]).
Apart from the survivor benefit of REA, ERISA does not mandate that other benefits be provided to a participant’s spouse. In fact, ERISA expressly prohibits alienation of benefits by the plan participant, except by a Qualified Domestic Relations Order (QDRO) issued by a State court in a matrimonial action under the State’s domestic relations law (29 USC § 1056 [d]). ERISA creates no substantive rights in the case of divorce, but only accommodates, by the provisions governing QDROs, rights created by State matrimonial law. In New York, vested or matured rights in a pension plan are considered marital property subject to distribution in a divorce action to the extent that the benefits result from employment by the participant after the marriage and before the commencement of the divorce action (Majauskas v Majauskas, 61 NY2d 481). There is nothing in the matrimonial law of New York prohibiting a spouse from waiving his or her interest in such marital property by agreement made before or during the marriage in accordance with Domestic Relations Law § 236 (B) (3).
Defendant contends that the premarital agreement in this case cannot be upheld as a valid waiver of defendant’s interest in plaintiffs pension because pension benefits under ERISA can only be waived by a spouse, and further, because the agreement did not meet the express statutory requirements for a waiver set forth at 29 USC § 1055 (c) (2). Defendant’s argument ignores the distinction between his interest in plaintiffs pension as created by REA, the waiver of which is restricted by 29 USC § 1055 (c) (2) (i.e., survivorship benefits), and his interest in plaintiffs pension as marital property under the Domestic Relations Law of this State. It is the conclusion of this court that, as to the former, the antenuptial agreement is not a valid waiver, but as to the latter, the agreement is valid and enforceable.
Defendant’s Federal court cases are readily distinguishable because they involve the actual payment of survivor benefits after the death of a plan participant (see, Gallagher v Park W. Bank & Trust Co., 921 F Supp 867; Zinn v Donaldson Co., 799 F Supp 69; Donohue v Shell Provident Fund, 656 F Supp 905; *932 Moore v Philip Morris Cos., 8 F3d 335; Hurwitz v Sher, 982 F2d 778). In Hurwitz v Sher (supra), two people contemplating marriage executed a prenuptial agreement in which each waived his/her respective rights in the other’s property. Having named his son as the beneficiary of his pension, the husband died nine months after they were married. The court held that the prenuptial agreement was not an effective waiver of spousal benefits under the pension plan because it did not conform to the specific waiver requirements of REA, and that the survivor benefit was required by ERISA to be paid to the surviving spouse regardless of the participant’s designation of the son as beneficiary.
Here, as in Hurwitz v Sher (supra), the antenuptial agreement is not an effective waiver of survivor benefits mandated by ERISA because it does not contain a written election to waive such benefits, it does not designate a beneficiary which may not be changed without spousal consent, and it does not acknowledge the effect of the waiver (see, 29 USC § 1055 [c]). If plaintiff died during this marriage, the antenuptial agreement would not operate as a waiver of defendant’s statutory survivor-ship benefits. However, unlike Hurwitz v Sher (supra), this is not a death case in which the waiver at issue is one of survivor-ship benefits. The object of this action is a divorce, which, if granted, will dissolve the defendant’s prospects of ever becoming the surviving spouse of the plaintiff. The spousal rights under ERISA do not survive a judgment of divorce (Kahn v Kahn, 801 F Supp 1237, 1243, affd 2 F3d 403), and once a divorce is granted, the survivorship benefits are moot. The issue here is defendant’s entitlement under New York law to equitable distribution of plaintiff’s pension as marital property, an entitlement which is not mandated by ERISA and the waiver of which is not restricted by ERISA (Kahn v Kahn, supra).
Only two courts have addressed this issue in New York, and they have reached opposite conclusions. In Moor-Jankowski v Moor-Jankowski (222 AD2d 422), plaintiff sought equitable distribution of defendant’s retirement benefits even though the parties had entered into an antenuptial agreement wherein each waived any interest he or she might acquire in the other’s property by reason of the marriage. The Second Department affirmed Supreme Court’s dismissal of plaintiff’s claim to the retirement benefits, holding that plaintiff waived any interest in the pension by the antenuptial agreement and that ERISA did not prohibit such a waiver. In Richards v Richards (232 *933 AD2d 303) the First Department affirmed Supreme Court’s holding that plaintiff was not barred from equitable distribution of defendant’s pension by a prenuptial agreement in which she waived any right thereto. Citing Hurwitz v Sher (789 F Supp 134), the Court held that under ERISA, “only a spouse can waive spousal rights to employee plan benefits” (Richards v Richards, supra, at 303) and that such rights cannot be waived in a prenuptial agreement.
The Court in Richards v Richards (supra) failed to perceive that “spousal rights” under ERISA are limited to survivor benefits, and the statutory restrictions upon the waiver of such rights are likewise limited to survivor benefits. The better view, as taken by the Court in Moor-Jankowski v Moor-Jankowski (222 AD2d 422, supra), is that ERISA’s restriction on the waiver of survivor benefits does not apply to the waiver of an interest in a spouse’s pension as that interest is recognized in Majauskas v Majauskas (supra). In In re Rahn (914 P2d 463, 468 [Colo App 1995]), where the facts are similar to those in the instant case, the court said “[w]hile we recognize that a waiver of spousal death benefits in a prenuptial agreement is not effective when the spouse later dies while the parties are still married, ERISA does not, in our view, preempt or preclude the recognition, implementation, or enforcement of an otherwise valid prenuptial agreement with regard to, as here, a dissolution of marriage proceeding.”
It is the conclusion of this court that plaintiff is entitled to judgment as a matter of law determining that defendant waived his interest in plaintiffs pension by a valid prenuptial agreement and that such pension is not subject to equitable distribution (see, Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557). Defendant’s application for an award of temporary maintenance must also be denied. Paragraph three of the agreement provides that “[b]oth parties give up the right to temporary or permanent alimony or maintenance in the event of a separation or divorce.” It is undisputed that the parties are separated, and defendant does not claim that he is about to become a public charge. Defendant’s contractual waiver of his right to temporary maintenance is valid and enforceable (see, Valente v Valente, 269 AD2d 389; Rubin v Rubin, 262 AD2d 390; Clanton v Clanton, 189 AD2d 849; Peerce v Peerce, 88 AD2d 832).
Defendant’s application for an award of counsel fees is denied on an interim basis, but may be renewed at trial. Defendant’s *934 motions for an award of temporary maintenance and for a determination that he is entitled to equitable distribution of plaintiffs pension and deferred compensation are denied.

 According to plaintiffs net worth statement, the parties have borrowed against this account to the full extent of its value.