J-A08040-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF ANNE M. FUREY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: CHERYL A. FUREY | : | No. 1464 EDA 2015 |

Appeal from the Order April 7, 2015
in the Court of Common Pleas of Montgomery County
Orphans' Court Division at No(s): 2013-X2478

BEFORE:   BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED JUNE 01, 2016**

Cheryl A. Furey (Furey) appeals from the April 7, 2015 order that denied her exceptions to the adjudication of the orphans' court which, *inter alia*, directed Furey, the accountant of the estate of Anne M. Furey (Decedent), to pay the claim of Merchants Bank (Merchants).  We affirm.

Decedent died testate in 2013.  Furey, the daughter of Decedent, is the executrix and a beneficiary of Decedent's duly-probated 1991 will as well as its accountant.  In the course of the probate proceedings, Merchants filed a claim against Decedent's estate which

> stemmed from a loan made to Decedent in connection with a mortgage on real property located in Vermont.  When Decedent defaulted on the loan, Merchants brought a foreclosure action in Vermont.  On September 4, 2012, the Vermont Superior Court confirmed the public sale of the Vermont property and determined that Merchants was allowed a deficiency judgment. On September 12, 2012, the Vermont Superior Court entered an Order again confirming the sale and awarding Merchants a deficiency judgment in the amount of $34,949.79.  On October 16, 2012, the Vermont Superior Court awarded Merchants additional costs of $473.15 and attorneys' fees of $5,354.68.  On

*Retired Senior Judge assigned to the Superior Court.

November 26, 2012, the Vermont Superior Court entered a Final Judgment Order in the amount of $42,320.79 plus post judgment interest at the rate of 12% per annum.

These orders were appealed to the Supreme Court of Vermont and were affirmed on June 12, 2013. Throughout the Vermont proceedings, Decedent was represented by counsel and actively litigated her claims.

On August 7, 2013, the judgment from the State of Vermont in the amount of $42,320.79 plus interest accruing at [12%] per annum from November 16, 2012 until payment in full was transferred to the Commonwealth of Pennsylvania. On February 3, 2014, another Judgment Order was issued in the Vermont Superior Court increasing the judgment amount to $55,162.95 plus interest at 12% per annum based on Merchants' post-judgment expenses and attorneys' fees.

Adjuducation, 1/27/2015, at 2.

Furey contested Merchants' claim, contending that the judgment was not valid. Answer and New Matter, 3/10/2014, at 6. Merchants filed objections to Furey's first account, maintaining that Furey's position was meritless and that the Vermont judgment was entitled to full faith and credit. Petition for Objection to Account, 7/2/2014, at 1-2. The orphans' court agreed with Merchants and directed Furey to distribute assets of the estate to pay Merchants' claim. Adjuducation, 1/27/2015, at 3. Furey filed exceptions that were denied by order of April 7, 2015. Furey timely filed this appeal.

Furey presents this Court with the following questions.

A. Whether the auditing judge erred in its adjudication in finding that the issues have been fully litigated before the Vermont courts, declining substitution of its opinion for

that of the Vermont Supreme Court, and directing the accountant to pay Merchants' judgment?

B. Whether the foreign judgment which is the subject of the instant claim is *res judicata* in this estate?

Furey's Brief at 3 (lower court answers and unnecessary capitalization omitted).

> Our standard of review of an orphans' court's decision is deferential. … Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. However, this Court is not bound to give the same deference to the orphans' court conclusions of law. Where the rules of law on which the orphans' court relied are palpably wrong or clearly inapplicable, we will reverse the court's [decision]. Moreover, we point out that an abuse of discretion is not merely an error of judgment. However, if in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused.

*Estate of Sacchetti v. Sacchetti*, 128 A.3d 273, 281-82 (Pa. Super. 2015) (quoting *In re Estate of Zeevering*, 78 A.3d 1106, 1108 (Pa. Super. 2013)) (internal quotation marks and citations omitted).

We begin by examining the relevant legal principles. "Foreign judgments are entitled to full faith and credit so long as the foreign court had jurisdiction and the defendant had the opportunity to appear and defend." *Holz v. Holz*, 850 A.2d 751, 758 (Pa. Super. 2004).

> A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land. For claim and issue

> preclusion (*res judicata*) purposes, in other words, the judgment of the rendering State gains nationwide force....
> We are aware of [no] considerations of local policy or law which could rightly be deemed to impair the force and effect which the full faith and credit clause … require[s] to be given to [a money] judgment outside the state of its rendition.

> Therefore, Pennsylvania gives a judgment the same *res judicata* effect the judgment would have been afforded in the state in which it was rendered.  Once a judgment is afforded full faith and credit, relitigation in other states of adjudicated issues ... is barred.

***Standard Chartered Bank v. Ahmad Hamad Al Gosaibi & Bros. Co.***, 99 A.3d 936, 940-41 (Pa. Super. 2014) (internal citations, quotation marks, and footnote omitted).

There is no dispute that the Vermont court had jurisdiction over the subject matter and the person of Decedent when it rendered the deficiency judgment at issue.[1]  However, Furey argues that Decedent was denied due process because the record from the Vermont trial court "is devoid of credible evidence … which can quantify valuation of the deficiency judgment entered…."  Furey's Brief at 6.

Even from Furey's description of the Vermont litigation, which includes discussion of motions Decedent filed therein as well as appeals Decedent pursued,[2] it is obvious that Decedent had notice and far more than the mere

---

[1] Indeed, at oral argument Furey expressly conceded that the jurisdiction prong of the test for application of full faith and credit was satisfied.

[2] Furey's Brief at 4.

**opportunity** to appear and defend that is required to establish due process. *See*, *e.g.*, *Everson v. Everson*, 431 A.2d 889, 896 (Pa. 1981) (noting the appellant lacked a due process challenge to the Arizona court's judgment "where he was represented by counsel, had notice of the proceedings, an opportunity to be heard, and the right to appeal his case").

Moreover, our examination of the record shows that Decedent had notice of the foreclosure action, participated in the proceedings in person and through representation by counsel, litigated her challenges to the deficiency judgment,[3] and appealed the adverse decision. *See Merchants Bank v. Furey*, No. 2012-478, 2013 WL 2923009 (Vt. June 12, 2013) (affirming order confirming the foreclosure sale and granting a deficiency judgment after consideration of Decedent's claims that the lower court erred "(1) by confirming the public sale and awarding a deficiency judgment under the circumstances of this case; (2) awarding excessive fees and costs associated with the public sale; and (3) awarding excessive attorney's fees without affording her due process of law"); Supplement To Brief of Furey, 11/18/2014 (attaching transcript of August 30, 2015 hearing before Vermont Superior Court at which Decedent appeared, was represented by counsel, and offered testimony).

---

[3] It appears that Decedent litigated her claims most vigorously, as the Vermont Supreme Court affirmed an award of attorney's fees that were acknowledged as "exceptionally high" on the basis that Decedent caused the great expense by deciding "to contest the foreclosure proceedings in multiple respects." *Merchants Bank v. Furey*, 2013 WL 2923009 at *3.

Therefore, the required application of the principles of full faith and credit preclude Furey from collaterally attacking the Vermont judgment and relitigating in Pennsylvania Decedent's previously-litigated challenges to the amount of the deficiency judgment. *See*, *e.g.*, *Morris Lapidus Associates v. Airportels, Inc.*, 361 A.2d 660, 663 (1976) ("[I]n this case, appellees have already raised in the New York court the same issues which they now raise in Pennsylvania…. The New York courts heard the issue and decided adversely to appellees. Once a party to a lawsuit has had the opportunity to raise and litigate an issue, he cannot collaterally attack the resulting judgment in a foreign forum.").

Accordingly, the orphans' court did not err in ordering the payment of Merchants' judgment and denying Furey's exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 6/1/2016