J-S45017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANJANA V. POPAT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VRAJLAL H. POPAT | : | No. 929 MDA 2024 |

Appeal from the Decree Entered June 7, 2024
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2018-12738

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: FEBRUARY 12, 2025**

Anjana Popat ("Wife") appeals from the Divorce Decree entered on June 7, 2024, in the Cumberland County Court of Common Pleas, which, *inter alia,* affirmed that the parties' June 27, 2023 Marital Settlement Agreement (the "Agreement") was enforceable.  On appeal, Wife asserts that she entered the Agreement under duress inflicted by her own counsel, and, thus, the court abused its discretion when it denied her motion to vacate the Agreement. Upon careful review, we affirm.

**A.**

We glean the relevant factual and procedural history from the trial court opinion and the certified record.  In 2018, Wife filed for divorce from Vrajlal Popat ("Husband") after 42 years of marriage.  On April 10, 2023, following discovery, the parties entered a partial settlement agreement into the record at a status conference with the divorce Hearing Officer.  They agreed to split

their marital assets 50/50 with no alimony, and to exchange documents and negotiate further regarding disputed assets. On June 27, 2023, the parties put the basic and final terms of the Agreement on the record before the Hearing Officer, with a written version to be prepared later. Both parties were represented by counsel and confirmed on the record that they agreed to the Agreement.

On December 7, 2023, Wife, through new counsel, filed a motion to vacate the Agreement, claiming that she entered into the Agreement "under duress" from her previous attorney, Stephanie DiVittore, Esq., who "allegedly threatened to withdraw from the case if Wife did not agree to the terms presented." Trial Ct. Op., 8/28/24, at 2 (unpaginated). Wife further claimed that, at the time she entered into the Agreement, she did not know "what assets had been removed from the marital estate, the date of separation used for valuation, or if all discovery had been exchanged." *Id.* The court issued a Rule to Show Cause ordering Wife to cite legal authority supporting her position. Following Wife's response, the court entered an order denying the motion to vacate on December 28, 2023.

On February 5, 2024, Husband filed a Petition for Contempt and Enforcement of the Marital Settlement Agreement, which the court granted on May 20, 2024. The court then entered the divorce decree on June 7, 2024.[1]

---

[1] The divorce decree does not indicate that it incorporated the Agreement. However, a settlement agreement is still enforceable if it is not merged or incorporated into the divorce decree. *See Annechino v. Joire*, 946 A.2d 121, 123 (Pa. Super. 2008).

**B.**

Wife timely appealed.[2,3]  Both Wife and the trial court complied with Pa.R.A.P. 1925.

Wife raises the following issues for our review:

A. Did the trial court err as a matter of law by determining that Wife was not without counsel or without the opportunity to consult with counsel when her own attorney was inflicting threats that were sufficient to restrain and overcome Wife's will to reject Husband's proposal, amounting to duress?

B. Did the trial court abuse its discretion by improperly determining that Wife failed to meet the requirement and/or definition of duress when the record is clear that Wife's attorney was inflicting a high degree of restraint based on her threats to withdraw which was sufficient in severity and apprehension to overcome Wife's mind?

C. Did the trial court abuse its discretion by improperly determining that since Wife was "free" to consult with her own counsel that there can be no duress when the facts are clear that Wife was not able to consult with her own counsel as it was her own counsel that was inflicting the duress upon her?

D. Did the trial court abuse its discretion by failing to determine that a party can be coerced by their own attorney and said coercion can render a settlement agreement voidable on the grounds of duress?

E. Did the trial court abuse its discretion by determining that the June 27, 2023 [] Agreement is an enforceable agreement?

---

[2] Wife had previously filed an appeal from the order denying her motion to vacate, which the Court docketed at 973 MDA 2024.  This Court subsequently quashed that appeal and directed Wife to raise all properly preserved issue in the instant appeal.

[3] Wife also filed a motion for a stay of the settlement agreement, which we denied.

Wife's Br. at 2-3.

## C.

Underlying each of Wife's issues is her challenge to the trial court's decision to uphold the marital settlement agreement. This Court reviews a court order upholding a marital settlement agreement for an abuse of discretion or error of law. *Holz v. Holz*, 850 A.2d 751, 757 (Pa. Super. 2004). "An abuse of discretion is not lightly found, as it requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures." *Id.* (citation omitted).

"Marital settlement agreements are private undertakings between two parties, each having responded to the give and take of negotiations and bargained consideration." *Stamerro v. Stamerro*, 889 A.2d 1251, 1258 (Pa. Super. 2005) (citation and internal quotation marks omitted). It is well-settled that marital settlement agreements are governed by contract law. *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004). *Stoner v. Stoner*, 819 A.2d 529, 533 (Pa. 2003) (explaining that "traditional contract rules should be applied to marriage agreements"). Accordingly, absent fraud, misrepresentation, or duress, marital agreements are presumed to be binding. *Lewis v. Lewis*, 234 A.3d 706, 714 (Pa. Super. 2020).

It is well-settled that "[m]utual assent is necessary to enter into a contract; mutual assent does not exist however, **when one of the contracting parties** elicits the assent of the other contracting party by means

of duress." ***Id.*** at 714 (emphasis added). Our Supreme Court defined duress as the

> degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness. The quality of firmness is assumed to exist in every person competent to contract, unless it appears that by reason of old age or other sufficient cause he is weak or infirm. Where persons deal with each other on equal terms and at arm's length, there is a presumption that the person alleging duress possesses ordinary firmness. Moreover, in the absence of threats of actual bodily harm there can be no duress where the contracting party is free to consult with counsel.

***Id.*** at 715 (citation omitted; emphasis added).

Because settlement agreements are presumed valid and binding, "the party seeking to avoid or nullify the agreement has the burden of proving the invalidity of the agreement by clear and convincing evidence." ***Id.*** at 714.

\*

All of Wife's arguments stem from her claim that she entered the Agreement under duress from her own counsel. ***See generally***, Wife's Br. at 15-34. Specifically, she argues that she "relied on two material misstatements by Attorney DiVittore" in agreeing to the Agreement, *i.e.* (1) that Attorney DiVittore could immediately terminate representation on the day of the settlement conference if Wife did not agree to the Agreement; and (2) that Wife would receive nothing if she went forward with a settlement conference instead of accepting the Agreement. ***Id.*** at 15. Wife maintains that she was "so overtaken with fear at Attorney DiVittore's statement, and the idea that

she would have to proceed without counsel, that [she] agreed to the settlement that she had previously rejected." *Id.* at 16. Accordingly, she asserts that Attorney DiVittore's statements were "sufficient in severity" to "overcome Wife's (and any person of ordinary firmness [*sic*]) mind." *Id.* at 20. In support, Wife cites *MC v. CG*, 881 N.Y.S. 2d. 845 (N.Y. Sup. Ct. 2009),[4] in which the New York trial court vacated a Stipulation of Settlement because it determined that the wife had entered it under duress due to her attorney's misstatements, which were "careless and inaccurate[,]" and they left the wife with "no meaningful representation." Appellant's Br. at 25 (quoting *MC*, 881 N.Y.S. 2d. at 849-50).

In addressing Wife's claim, the trial court determined that, because Wife claimed she was under duress from her own counsel, not the other party, there may be grounds for a malpractice action but "the matter [is] outside the bounds of duress." Trial Ct. Op. at 3-4. Specifically, the court noted that it is unaware of any authority establishing that a party's own counsel can inflict duress that would affect the enforceability of a contract, and Wife failed to provide any such authority. *Id.* at 4. Additionally, the court found that Wife was represented by counsel and "does not allege threats of bodily harm by anyone, let alone by [Husband]." *Id.*

---

[4] As explained in *MC*, New York case law specifically permits courts to vacate a marital agreement on grounds of duress caused by one's attorney. 881 N.Y.S.2d at 854. However, although decisions from other jurisdictions may provide guidance, they are not binding on this Court. *Commonwealth v. Baldwin*, 8 A.3d 901, 904 n.3 (Pa. Super. 2010).

Upon careful review, we discern no abuse of discretion or error of law in the trial court's denial of Wife's motion to vacate the Agreement. Wife does not support her argument with citation to precedential case law establishing that anyone other than the other party to a contract can invalidate the contract through the infliction of duress, and her argument does not convince us that the duress she alleges renders the Agreement invalid.

Because all of her claims rest on the premise that the Agreement was invalid due to the duress inflicted by her counsel, she is not entitled to relief. We discern no abuse of discretion in the court's denial of Wife's motion to vacate and its determination that the Agreement was enforceable. We, thus, affirm the entry of the divorce decree.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>02/12/2025</u>