J-A28003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.C.S., F/K/A, D.C.S.-R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| P.R. | : | |
| | : | |
| Appellant | : | |
| | : | No. 1008 EDA 2017 |

Appeal from the Order Dated February 27, 2017
In the Court of Common Pleas of Wayne County
Civil Division at No(s): 462-DR-2011

BEFORE: GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED JANUARY 11, 2018**

Appellant, P.R. ("Father"), appeals *pro se* from the order entered in the Wayne County Court of Common Pleas, which granted in part Appellee's, D.C.S., f/k/a, D.C.S.-R. ("Mother"), motion for sanctions, sustained Mother's objections to the notice of intent to serve subpoenas, denied Father's petition for special order for discovery, and dismissed a support proceeding. We affirm.

The relevant facts and procedural history of this case are as follows. On September 7, 2011, Mother filed a complaint against Father for child and spousal support. After a support conference on November 1, 2011, the support master entered an interim support order on November 2, 2011. On November 28, 2011, Father filed a *de novo* appeal and objections to the support order. After a *de novo* hearing on February 28, 2012, the court

upheld the support order. On August 10, 2015, Mother filed a petition to modify the support order. After a modification conference on September 21, 2015, the support master modified the support order on September 22, 2015.

Father filed a *pro se* petition to modify support on June 27, 2016. Following a modification conference on July 27, 2016, the support master dismissed Father's modification petition on July 28, 2016. On August 15, 2016, Father filed a *pro se* request for a *de novo* hearing; Mother did not file objections. After a *de novo* hearing on October 4, 2016, the court upheld the denial of Father's June 27, 2016 modification petition.

On January 9, 2017, Father filed a second *pro se* petition to modify support and a notice of intent to serve subpoenas. Mother filed a motion for sanctions on January 18, 2017, and objections to Father's notice of intent to serve subpoenas. On January 27, 2017, Father filed *pro se* objections to Mother's January 18, 2017 motion and objections, and Father also filed a petition for a special order for discovery. The court held a hearing on February 1, 2017. On February 27, 2017, the court granted in part Mother's motion for sanctions, sustained Mother's objections to the notice of intent to serve subpoenas, denied Father's petition for special order for discovery, and dismissed a support proceeding that was continued on February 1, 2017, until further order of the court. On March 23, 2017, Father timely filed a *pro se* notice of appeal along with a concise statement of errors complained of

on appeal pursuant to Pa.R.A.P. 1925(b).[1]

Father raises the following issues for our review:

DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION IN GRANTING [MOTHER]'S MOTION FOR SANCTIONS PURSUANT TO PA.R.C.P. 1023.2 WHEN THE EVIDENCE AND THE RECORD CLEARLY SHOWS THAT [FATHER] FILED AND SERVED ALL OF THE PLEADINGS IN GOOD FAITH, AND WHERE [FATHER]'S ACTIONS IN FILING THE PETITION FOR MODIFICATION OF SUPPORT OR IN SERVING THE NOTICE OF INTENT TO SERVE SUBPOENAS WERE NOT DILATORY, OBDURATE OR VEXATIOUS IN NATURE?

DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION IN GRANTING [MOTHER]'S MOTION FOR SANCTIONS PURSUANT TO PA.R.C.P. 1023.2 WHEN IT WAS VERY WELL AWARE THAT [MOTHER] DID NOT GIVE WRITTEN NOTICE OR DEMAND TO [FATHER], FORMAL OR INFORMAL, TO APPROPRIATELY CORRECT OR WITHDRAW THE CHALLENGED PAPER OR REPORTED DEFICIENT, NOR DID [MOTHER] WAIT THE REQUIRED TWENTY-EIGHT (28) DAY GRACE PERIOD AFTER SERVICE OF DEMAND, HAD SHE GIVEN THE REQUIRED NOTICE [PRIOR TO] FILING THE MOTION FOR SANCTIONS, AS CALLED FOR IN PA.R.C.P. 1023.1 AND 1023.2; AND WHEN ALL [MOTHER] HAD TO DO WAS FILE A MOTION FOR CONTINUANCE OF THE FEBRUARY 2, 2017 SUPPORT CONFERENCE WHILE GIVING [FATHER] THE REQUIRED 28[-]DAY NOTICE DEMAND PRIOR TO FILING THE WITHIN MOTION FOR SANCTIONS?

DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION IN SUSTAINING [MOTHER]'S OBJECTIONS TO NOTICE OF INTENT TO SERVE SUBPOENAS AND/OR IN DENYING [FATHER]'S PETITION FOR SPECIAL ORDER FOR DISCOVERY IN A SUPPORT ACTION PURSUANT TO PA.R.C.P. 1910.9(A), WHEN THESE PLEADINGS WERE

_____

[1] Father styled his concise statement of errors as a Rule 1925(a)(2) statement; however, this appeal is not a children's fast track case.

SERVED IN GOOD FAITH, IN ACCORDANCE WITH THE APPLICABLE RULES, SO AS TO SECURE NECESSARY DOCUMENTS FROM TWO (2) GOVERNMENTAL ENTITIES AND A PRIVATE PHYSICIAN TO FURTHER SUPPORT [FATHER]'S CONTENTION THAT THERE IS A CHANGE IN CIRCUMSTANCES, IN THAT [MOTHER] HAS NO MEDICAL RESTRICTIONS FOR EMPLOYMENT, WHICH WOULD HAVE RESULTED IN [MOTHER] BEING IMPUTED INCOME, AND THUS A CHANGE IN INCOME OF THE PARTIES, AS SUPPORTED BY RULE 1023.1(C)(3)?

DID THE TRIAL COURT ERR AND/OR ABUSE ITS DISCRETION IN DISMISSING THE SUPPORT PROCEEDING THAT WAS CONTINUED ON FEBRUARY 1, 2017 UNTIL FURTHER ORDER OF THE COURT, WHEN THIS WAS [FATHER]'S SECOND PETITION FOR MODIFICATION FILED IN THE SIX (6) YEAR HISTORY OF THIS CASE, AND WHERE [MOTHER] HAS NEVER PROVIDED [FATHER] WITH A PHYSICIAN'S AFFIDAVIT OR VERIFICATION FORM AS TO HER ALLEGED EMPLOYMENT RESTRICTIONS, WHICH SHE FALSELY CLAIMED SHE HAD IN HER POSSESSION AND WHICH SHE HAD FILED WITH THE COURT IN PRIOR SUPPORT PROCEEDINGS THAT RESULTED IN *DE NOVO* HEARINGS BEFORE THE COURT?

(Father's Brief at 3-6).

Preliminarily, we observe "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Further, our standard of review of issues concerning sanctions and discovery orders is one of abuse of discretion by the trial court. ***ACE American Ins. Co. v. Underwriters at Lloyds and Cos.***, 939 A.2d 935 (Pa.Super. 2007), *affirmed*, 601 Pa. 95, 971 A.2d 1121 (2009); ***Crum v. Bridgestone/Firestone North American Tire, LLC***, 907 A.2d 578 (Pa.Super. 2006). "An abuse of discretion is not lightly found, as it requires clear and convincing evidence that the trial court misapplied the law or failed

to follow proper legal procedures. [This Court] will not usurp the trial court's factfinding function." **Holz v. Holz**, 850 A.2d 751, 757 (Pa.Super. 2004), *appeal denied*, 582 Pa. 700, 871 A.2d 192 (2005) (internal citations omitted).

Our standard review of child support orders is well settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

**Krebs v. Krebs**, 944 A.2d 768, 772 (Pa.Super. 2008) (*quoting* **Mencer v. Ruch**, 928 A.2d 294, 297 (Pa.Super. 2007)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the reasoned opinion of the Honorable Raymond L. Hamill, we conclude Father's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed May 18, 2017, at 1-5) (finding: **(1)** Father did not aver material and substantial change in circumstances in his January 9, 2017 petition for modification; instead, he challenged testimony and evidence from October 4, 2016 *de novo* hearing; Father

- 5 -

repeatedly failed to abide by Rules of Procedure and needlessly increased cost of litigation, which warranted entry of sanction order; **(2)** Father failed to argue Mother did not serve him with written notice and demand of her motion for sanctions; Father raised this argument for first time in his Rule 1925(b) statement; therefore, Father waived this issue; **(3)** Father requested inappropriate discovery; Father sought information to show material and substantial change in circumstances; Father, however, failed to establish how sought-after information would show change in circumstances; Father also claims Mother failed and/or refused to provide Physician's Affidavit and Verification Form, but Mother did not introduce this form into evidence, so Father was not entitled to copy; Father's purpose for obtaining the Physician's Affidavit and Verification Form was suspect, because he originally sought this Form to use against Mother in separate custody action; **(4)** court determined after February 1, 2017 argument that Father's petition for modification of existing support order failed to aver material and substantial change in circumstances; therefore, court properly dismissed support proceeding on Father's petition). Accordingly, we affirm on the basis of the trial court opinion.[2]

Order affirmed.

---

[2] Mother's open application for relief in the form of a motion for counsel fees is denied without prejudice to Mother's right to seek reasonable attorneys' fees in the trial court along with other costs associated with this appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/11/18

IN THE COURT OF COMMON PLEAS OF THE 22ND JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA
COUNTY OF WAYNE

D.C.S.,

        Plaintiff

VS.

P.R.,

        Defendant        :    NO. 462-DR-2011

## STATEMENT OF REASONS

Defendant, P. R.    , appeals from an Order entered in this matter on the 27th day of February 2017, which granted in part Plaintiff's Motion for Sanctions, sustained Plaintiff's Objections to Notice of Intent to Serve Subpoenas, denied Defendant's Petition for Special Order for Discovery, and dismissed the support proceeding that was continued on February 1, 2017 until further Order of Court. In his concise statement, Defendant raises four (4) issues.

**I.    Whether the trial court erred and/or abused its discretion in granting Plaintiff's Motion for Sanctions pursuant to PA. R.C.P. 1023.2.**

Defendant claims that the evidence and record shows that he filed and served all of the pleadings in good faith, and that his actions in filing the Petition for Modification of Support or in serving the Notice of Intent to Serve Subpoenas were not dilatory, obdurate or vexatious in nature. Pursuant to Pa. R.C.P. 1023.1:

> (c) The signature of an attorney or pro se party constitutes a certificate that the signatory has read the pleading, motion, or other paper. By signing, filing, submitting, or later advocating such a document, the attorney or pro se party certifies that, to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,

2017 MAY 18 AM 11:07

WAYNE COUNTY, PA
CLERK OF COURTS
PROTHONOTARY AND

SCANNED

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation,

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law of the establishment of new law,

(3) the factual allegations have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual allegations are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(d) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (c) has been violated, the court may, subject to the conditions stated in Rules 1023.2 through 1023.4, impose an appropriate sanction upon any attorneys, law firms and parties that have violated subdivision (c) or are responsible for the violation.

On June 27, 2016, Defendant filed a Petition for Modification of an Existing Support Order. Defendant's petition was dismissed without prejudice on July 27, 2016. After a de novo hearing held on October 4, 2016, this Court ordered the Support Order to remain in full force and effect. Shortly thereafter, on January 9, 2017, Defendant filed another Petition for Modification. Defendant argues within his petition that Plaintiff failed to provide him with a Physician Verification From within 20 days after the Support Conference, or in advance of the de novo hearing, as required by Rule 1910.29(b)(2). Thus, Defendant argues that modification of the existing support order is warranted.

"A petition for modification or termination of an existing support order shall specifically aver the material and substantial change in circumstances upon which the petition is based." Pa. R.C.P. 1910.19(a). It is clear from Defendant's Petition that he is challenging the testimony and evidence from the October 4, 2016 de novo hearing instead of averring a material and substantial change in circumstances. Defendant's failure to litigate by the rules has become a pattern. This

pattern has created a needless increase in the cost of litigation, and justifies the entry of a sanction order.

## II. Whether the trial court erred and/or abused its discretion in granting Plaintiff's Motion for Sanctions pursuant to Pa. R.C.P. 1023.2

Defendant claims that Plaintiff did not give written notice or demand to Defendant, formal or informal, to appropriately correct or withdraw the challenged paper or reported deficiency. Defendant further claims that Plaintiff did not wait the required twenty-eight (28) day grace period after service of demand. Pursuant to Pa. R.C.P. 1023.2(b):

> No such motion shall be filed unless it includes a certification that the applicant served written notice and demand to the attorney or pro se party who signed or filed the challenged pleading, motion or other paper. The certification shall have annexed a copy of that notice and demand, which shall identify with specificity each portion of the document which is believed to violate the provisions of this rule, set forth the basis for that belief with specificity, include a demand that the document or portion of the document, be withdraw or appropriately corrected. An application for sanctions may be filed if the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected within twenty-eight days after service of the written demand. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

When Plaintiff filed her Motion for Sanctions, Defendant never put forth his position that Plaintiff failed to serve written notice and demand. It was not until Defendant filed his Concise Statement of Errors Complained of on Appeal that he advised this Court of his position. Defendant's failure to do so constitutes a waiver of his arguments, and justifies the entry of a sanction order.

**III.    Whether the trial court erred and/or abused its discretion in sustaining Plaintiff's Objections to Defendant's Notice of Intent to Serve Subpoenas and/or in denying Defendant's Petition for Special Order for Discovery in a Support Action Pursuant to Pa. R.C.P. 1910.9(a).**

Defendant claims these pleadings were served in good faith and in accordance with the applicable rules so as to secure necessary documents from two (2) governmental entities and a private physician to further support Defendant's contention that there is a change in circumstances. The Pennsylvania Rules of Civil Procedure provide that there is no discovery in support matters except where authorized by special order of court. Pa. R.C.P. 1910.9(a), 4001(a). It is within the discretion of the trial court to determine whether discovery is appropriate under the circumstances of the particular case.

In this case, the discovery requested by Defendant is inappropriate. Defendant is seeking information to show a material and substantial change in circumstances; however, Defendant failed to establish how the information sought would in fact show such a change. Defendant also mistakenly claims that Plaintiff failed and/or outright refused to provide a Physician's Affidavit and Verification Form as required by Pa. R.C.P. 1910.29(b)(2). Pursuant to 1910.29, "if the matter proceeds to a record hearing and the party *wishes* to introduce the completed Physician Verification Form into evidence, he or she must serve the form on the other party not later than 20 days after the conference." Pa. R.C.P. 1910.29(b)(2) *(emphasis added)*. Plaintiff has not introduced a Physician Verification From into evidence; therefore, Defendant was not entitled to be served with a copy of that form. Furthermore, the purpose for obtaining a Physician's Affidavit and Verification Form in this support action is questionable because Defendant testified that he originally sought the Physician's Affidavit and Verification Form to use against Plaintiff in a

separate custody action. For the foregoing reasons, this Court did not err or abuse its discretion in sustaining Plaintiff's Objections to Defendant's Notice of Intent to Serve Subpoenas and in denying Defendant's Petition for Special order for Discovery in a Support Action Pursuant to Pa. R.C.P. 1910.9(a).

**IV. Whether the trial court erred and/or abused its discretion in dismissing the Support Proceeding that was continued on February 1, 2017 until further order of the court.**

This Court determined after argument held on February 1, 2017, that Defendant's Petition for Modification of an Existing Support Order failed to aver a material and substantial change in circumstances. Therefore, the support proceeding on Defendant's petition was properly dismissed.

BY THE COURT

DATE: 5/17/17

RAYMOND L. HAMILL
PRESIDENT JUDGE
22ND JUDICIAL DISTRICT

cc:  Oressa P. Campbell, Esq.
  Peter Ramos
    P.O. Box 22494
    Trenton, NJ 08607

*KW*   *Served 5/18/17*